UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN MILLS, et al.,

    Defendants.

_____/

Case No. 16-cr-20460

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANT PATRICK JOHNSON'S MOTION TO STRIKE OVERT
ACTS 31 AND 32 (Dkt. 459)**

This matter is before the Court on Defendant Patrick Johnson's motion to strike overt acts 31 and 32 from the second superseding indictment (Dkt. 459). The Government has filed a response (Dkt. 514), to which Johnson replied (Dkt. 521).[1] For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

A federal grand jury returned a second superseding indictment on February 28, 2018, charging the eleven defendants in this case with various crimes, including alleged violations of the Racketeering Influenced and Corrupt Organizations Act (the "RICO" Act), 18 U.S.C. § 1961 et seq. See generally 2d Superseding Indictment (Dkt. 292). That indictment claims that Defendants were members and associates of a criminal enterprise — the "6 Mile Chedda Grove" street gang in Detroit — one of whose purposes was to "preserv[e] and protect[] the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and

---

[1] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

threats of violence." Id. at 2, 6.  The indictment further alleges that the enterprise's profits derived primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine.  Id. at 5.  The alleged sale and distribution of controlled substances was not limited to Michigan; gang members and associates purportedly sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia.  Id.

Defendant Patrick Johnson has been charged with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  See 2d Superseding Indictment at 2.  Although the second superseding indictment lists a variety of both racketeering and overt acts committed by defendants in furtherance of the conspiracy, including murder, robbery, and dealing in controlled substances, the indictment specifically alleges six overt acts as to Johnson that reference his involvement with controlled substances, firearms, and threats of violence:

> (18) On or about May 4, 2013, Patrick Johnson and Mario Jackson were together in a car in which marijuana was found in Troy, Michigan.
>
> (28) On or about August 17, 2014, Carlo Wilson uploaded to Facebook a photograph of Lomnil Thompson and Patrick Johnson, with a graphic that stated, ".B.R.O.S.FOR.LIFE.," and with a title that stated, "BROS FOR LIFE !!!! #CheddaGroveBoys."
>
> (31) On or about December 16, 2014, Carlo Wilson, Patrick Johnson, Mario Jackson, and 6 Mile member G confronted an unknown person, and during the confrontation Patrick Johnson and Mario Jackson brandished firearms in Harper Woods, Michigan.
>
> (32) On or about December 16, 2014, Carlo Wilson, Patrick Johnson, Mario Jackson, and 6 Mile member G were together in a car in which two loaded firearms and marijuana were found in Harper Woods, Michigan.
>
> (44) On or about July 20, 2015, Patrick Johnson possessed oxycodone in Alabama.
>
> (48) On or about September 12, 2015, 6 Mile member A uploaded to Facebook a photograph of Patrick Johnson and Devontae Russell

displaying 6 Mile hand signs, with a title that stated, "Everytime I look at this picture I be like Damn I wish my #BROS was here Free #TAE #CANE #CHUCK."

Id. at 13-15, 17-18.

## II. STANDARD OF DECISION

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d)).[2] Rule 7(d) is "properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974); United States v. Berroa, 856 F.3d 141, 157 (1st Cir. 2017) ("Rule 7(d) serves to protect the defendant against immaterial or irrelevant allegations in an indictment, which may be prejudicial." (citation, quotation marks, and ellipses omitted)). Because this rule is "strictly construed against striking surplusage," Kemper, 503 F.2d at 329, a motion to strike surplusage is disfavored and should only be granted if it is clear the language in the indictment is both irrelevant and prejudicial, United States v. Neller, 229 F.3d 1154, at *2 (6th Cir. 2000) (Table) (per curiam). A district court may strike irrelevant and prejudicial portions of an indictment, including overt acts from a conspiracy count. Id.; United States v. Montour, 944 F.2d 1019, 1026 (2d Cir. 1991) (same).

## III. DISCUSSION

A criminal defendant violates the RICO Act if he or she conspires to "conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. §§ 1962(c)-(d). In other words, to establish the offense of racketeering conspiracy, the Government must prove the following four elements: (1) an

---

[2] Although Johnson's motion does not reference Rule 7(d), the Court will assume this was merely a simple oversight.

3

agreement, (2) to conduct or participate, (3) in an enterprise, (4) through a pattern of racketeering activity.  See Salinas v. United States, 522 U.S. 52, 62-63 (1997); see also United States v. Gills, 702 F. App'x 367, 373 (6th Cir. 2017).  The phrase "pattern of racketeering activity" has a specific definition in the RICO Act and requires at least two acts of "racketeering activity."  18 U.S.C. § 1961(5).  "Racketeering activity," in turn, is defined in § 1961(1) and includes a list of specifically enumerated state and federal offenses.  See, e.g., 18 U.S.C. § 1961(1)(A) (state offenses); 18 U.S.C. §§ 1961(1)(B)-(G) (federal offenses).

Johnson moves to strike overt acts 31 and 32 from the second superseding indictment.  According to Johnson, the commission of a firearms offense cannot be used to establish a pattern of racketeering activity for purposes of the RICO Act because it is not included within the definition of "racketeering activity" found in § 1961(1).  Def. Mot. at 2.  Because overt acts 31 and 32 involve the commission of firearms offenses, he claims that they are irrelevant to proving racketeering activity and should be stricken.  Id.

In response, the Government asserts that Johnson has mistakenly confused "overt acts" with "racketeering acts."  Racketeering acts are violations of crimes found in § 1961(1) and are listed in the second superseding indictment with their corresponding statutory provisions.  Gov't Resp. at 2 (citing 2d Superseding Indictment at 9-10).  By contrast, an overt act is merely a "discrete act or event in furtherance of a conspiracy that is listed in the indictment without statutory language in its description . . . to provide a more complete picture of the enterprise and the charged conduct."  Id.  Although racketeering conspiracy requires proof that a conspirator would commit at least two racketeering acts, it does not require proof of any overt act.  Id.  Because overt acts 31

and 32 are "not themselves required to constitute racketeering acts," the Government maintains that Johnson's motion should be denied. Id. at 3.[3] The Court agrees with the Government.

Although Johnson is correct that the sort of firearms offenses he allegedly committed in overt acts 31 and 32 are not among those offenses listed in § 1961(1), he misses the mark that they should be stricken on that basis. For purposes of the RICO Act, a defendant can agree to a pattern of racketeering activity without having committed or agreed to commit any predicate racketeering acts himself. See Salinas, 522 U.S. at 66. Indeed, the offense of racketeering conspiracy does not even require proof of any overt acts. Id. at 64 ("The RICO conspiracy statute, § 1962(d), broadened conspiracy coverage by omitting the requirement of an overt act. . . ."); see also United States v. Rios, 830 F.3d 403, 424 (6th Cir. 2016) ("Unlike a substantive RICO charge, a RICO conspiracy charge does not require proof that the defendant committed any predicate acts and does not even require proof that the defendant agreed to commit two predicate acts himself, or even that any overt acts have been committed." (citation and quotation marks omitted)). Instead, the Government need only prove that defendants conspired to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity, Salinas, 522 U.S. at 62-63, which requires at least two acts of racketeering specifically enumerated in §1961(1).

Although an overt act is criminal in nature and may be a discrete act or event in furtherance of a conspiracy, it is not an allegation of a racketeering act. See Beck v. Prupis, 529 U.S. 494, 506-507 (2000) (distinguishing between overt acts in furtherance of a conspiracy and racketeering

---

[3] The Government also appears to state, in the alternative, that these overt acts constitute evidence of racketeering acts because overt act 31 relates to a threat or act of murder and overt act 32 relates to an offense involving the dealing of controlled substances. See Gov't Resp. at 3. Because it agrees with the Government that these overt acts need not be evidence of racketeering activity and may be alleged to provide a greater picture of the enterprise and the conspiracy in general, the Court refrains from addressing whether the acts also constitute evidence of racketeering activity.

acts for purposes of a civil suit brought under 18 U.S.C. § 1964(c) based on a violation of § 1962(d)); accord United States v. Tello, 687 F.3d 785, 792, 796-797 (7th Cir. 2012) (addressing what proof a § 1962(d) conspiracy charge requires and differentiating between predicate acts of racketeering and overt acts); United States v. Yannotti, 541 F.3d 112, 129 (2d Cir. 2008) (holding that "overt acts are not distinct offenses that must be proven to sustain a RICO conspiracy conviction"). Nevertheless, the Government may find it beneficial to include such overt acts in an indictment to present a more detailed picture of the scope and context of the conspiracy and a defendant's agreement to participate in that conspiracy. In other words, while an indictment must allege that the defendants conspired to conduct the affairs of the enterprise through a pattern of racketeering activity, it may allege the commission of overt acts in furtherance of the conspiracy.

In this case, the Government alleges that each defendant, including Johnson, conspired to conduct or participate, directly or indirectly, in the conduct of the 6 Mile Chedda Grove gang's affairs through a pattern of racketeering activity. See 2d Superseding Indictment at 8-9. The Government further alleges that the defendants agreed that a conspirator would commit two acts of racketeering activity, which purportedly included threats and acts of murder, robbery, and dealing in controlled substances. Id. at 9-10. The Government then provides 59 overt acts in furtherance of the conspiracy, id. at 10-20, six of which related to Johnson. Although overt acts 31 and 32 allege Johnson's involvement with controlled substances, firearms, and threats of violence, these acts need not themselves constitute racketeering acts. Nor is the Government required to prove that these overt acts were committed to establish the offense of racketeering conspiracy. Therefore, Johnson's argument that these overt acts should be stricken lacks merit.[4]

---

[4] On one final note, Johnson appears to argue in his reply brief that even if overt acts 31 and 32 are relevant, they should be excluded under Federal Rule of Evidence 403 because "[a]ny remote probative value the Government may try to conjure up is substantially outweighed by the danger

6

## IV. CONCLUSION

For the reasons stated above, Johnson's motion to strike (Dkt. 459) is denied.

SO ORDERED.

Dated: October 26, 2018  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2018.

s/Karri Sandusky  
Case Manager

---

of unfair prejudice, confusion of the real issues before the jury and will be a needless waste of time." Def. Reply at 2. Unfortunately, Johnson does not even cite Rule 403 or provide any caselaw in support of his argument. Nor does he offer any sort of explanation as to why these overt acts are irrelevant to the existence of a RICO conspiracy or why this evidence would amount to unfair prejudice, confusion of the jury, or wasting time. Therefore, these conclusory and undeveloped arguments of prejudice also lack merit.

7